IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2112-BO

| | |
|---|---|
| **Curtis Levon Jackson**, <br><br> Petitioner, <br><br> v. <br><br> **State of North Carolina**, <br><br> Respondent. | **Memorandum & Recommendation** |

On May 29, 2015, petitioner Curtis Louis Jackson, a state pretrial detainee proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (D.E. 1). The matter is before the court for an initial review pursuant to 28 U.S.C. § 2243. Also before the court is petitioner's motion for summary judgment (D.E. 9).

**I.      Initial review pursuant to 28 U.S.C. § 2243**

Jackson is being detained in the Wake County Public Jail on unspecified charges. Pet. at 1, D.E. 1. He now seeks release from pretrial detention as well as dismissal of the charges against him. *Id.* at 8. Jackson's petition is not a model of clarity. However, it appears he is attempting to effect his release from pretrial detention under principles of contract and/or civil commercial law. For example, in his petition he states that "since these law[s] don't obtain enacting clause they are not constitutional[ly] binding on me." *Id.* Likewise, in supplemental materials he submitted after the filing of his petition, Petitioner states "I declare myself a legal sovereign operating under a common law . . . [who] may [be] detained only upon [a] sworn complaint of an injured party . . . and is not subject to the contract obligations . . . known as the motor vehicle codes." Pet'r. Ex. at 1-2, D.E. 8. Finally, in his motion for summary judgment,

Jackson asserts that he is acting "as surety for the corporate entity, the all capital name CURTIS L. JACKSON" and that the State of North Carolina is encroaching upon his sovereignty. Mot. at 1, D.E. 9. These arguments are wholly frivolous. *Harris v. Kammerzell*¸ 440 F. App'x 627, 629 (10th Cir. 2011) (unpublished); *see United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005). Thus, Jackson's claims should be dismissed.

Moreover, under § 2241, pretrial habeas relief is available "if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review." *See Brazell v. Boyd*, 991 F.2d 787, 1993 WL 98778, at *1 (4th Cir. 1993) (per curiam) (unpublished). Habeas corpus relief, however, "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973); *see Younger v. Harris*, 401 U.S. 37, 43 (1971). This rule does not apply when a pretrial detainee's habeas petition does not attempt "to litigate the merits of an affirmative defense to his state prosecution," and instead simply asks "the federal courts 'to enforce the [state's] obligation to provide him with a state court forum.'" *Brown v. Ahern*, 676 F.3d 899, 901–02 (9th Cir. 2012) (alteration in original) (describing *Braden*, 410 U.S. at 491).

Here, Jackson specifically asks this court to order the state court to dismiss the charges against him. Pet. at 8, D.E. 1. However, he has not shown that he has exhausted his state court remedies, nor has he demonstrated that the state court remedies are unavailable or ineffective to address his claims. *See Brazell v. Boyd*, 991 F.2d 787 (4th Cir. 1993) (per curiam) (unpublished). Because the state court proceedings are still ongoing, the undersigned recommends that the court abstain from adjudicating Jackson's claims and dismiss the petition

without prejudice. In light of this recommendation, it is likewise recommended that Jackson's motion for summary judgment be DENIED as moot.

The undersigned also recommends that the court not issue a certificate of appealability. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## II.    Conclusion

As discussed above, the undersigned recommends that the district court deny Jackson's motion for summary judgment (D.E. 9) and dismiss Jackson's petition without prejudice. The undersigned also recommends that the district court deny a certificate of appealability.

The court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3);

Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: April 11, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE